# United States Court of Appeals
## For the First Circuit

No. 20-1554

ANDRES OSWALDO BOLLAT VASQUEZ, individually and as next friend to Luisa Marisol Vasquez Perez de Bollat, and as father and next friend to A.B.; A.B.; LUISA MARISOL VASQUEZ PEREZ DE BOLLAT; JOSE MANUEL URIAS MARTINEZ, individually and as next friend to Rosa Maria Martinez de Urias; ROSA MARIA MARTINEZ DE URIAS; SALOME OLMOS LOPEZ, individually and as next friend to Evila Floridalma Colaj Olmos and J.C.; J.C.; EVILA FLORIDALMA COLAJ OLMOS

Plaintiffs, Appellees,

v.

ALEJANDRO MAYORKAS, Secretary of Homeland Security; TROY A. MILLER, Acting Commissioner of U.S. Customs and Border Protection; UR MENDOZA JADDOU, Director of U.S. Citizenship and Immigration Services; TAE D. JOHNSON, Acting Director of U.S. Immigration and Customs Enforcement; MERRICK B. GARLAND, Attorney General; PRESIDENT JOSEPH ROBINETTE BIDEN, JR., president,

Defendants, Appellants.

Before
Thompson and Kayatta, <u>Circuit Judges</u>.*

**JUDGMENT**

Entered: November 19, 2021

This cause came on to be heard on appeal from the United States District Court for the District of Massachusetts and was argued by counsel.

Upon consideration whereof, it is now here ordered, adjudged and decreed as follows: The appeal is dismissed as moot. The government's motion to vacate the preliminary injunction is neither granted nor denied. Rather, given the (ongoing) shift in factual and legal circumstances

---

* Judge Torruella heard oral argument in this matter and participated in the semble, but he did not participate in the issuance of the panel's judgment in this case. The remaining two panelists therefore issued this judgment pursuant to 28 U.S.C. § 46(d).

since the May 2020 preliminary injunction in this matter was entered, we remand without vacatur, with a suggestion that the government file a Rule 60(b)(5) motion to afford the district court judge an opportunity to reevaluate the preliminary-injunction factors and equities. See, e.g., U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship, 513 U.S. 18, 29 (1994) (observing that when an appellant sought vacatur of a district-court judgment in a case that had settled, "a court of appeals presented with [such] a request . . . may remand the case with instructions that the district court consider the request, which it may do pursuant to Federal Rule of Civil Procedure 60(b)"); Concilio de Salud Integral de Loiza, Inc. v. Perez-Perdomo, 551 F.3d 10, 16 & n.6 (1st Cir. 2008) (explaining that a district court can modify a preliminary injunction pursuant to Rule 60(b)(5) where "it is no longer equitable that the judgment should have prospective application" and there is a "'significant . . . change' in operative fact," which "may serve as a basis for vacating a preliminary injunction" (quoting Dr. José S. Belaval, Inc. v. Perez-Perdomo, 465 F.3d 33, 38 (1st Cir. 2006))); see also Agostini v. Felton, 521 U.S. 203, 215 (1997) (reasoning that "it is appropriate to grant a Rule 60(b)(5) motion when the party seeking relief from an injunction . . . can show a significant change either in factual conditions or in the law" (citation omitted)).

By the Court:

Maria R. Hamilton, Clerk

cc: Hon. Indira Talwani, Robert Farrell, Clerk, United States District Court for the District of Massachusetts, Adam J. Kessel, Adriana Lafaille, Matthew R Segal, Eda Stark, Jacob B. Pecht, Krista Oehlke, Jennifer Martin Foster, Andrew Robert Quirk, Muhammad Usman Faridi, George B. Fleming, Noah A. Levine, Robin C. Burrell, Nancy Jean Kelly, John Edward Willshire-Carrera, Joshua M. Daniels, Sabrineh Ardalan, Donald Campbell Lockhart, Rayford A. Farquhar, Erin Brizius, Erez R. Reuveni